IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HERRERA and ROSARIO HERRERA, ) | Case No. C-11-709 SC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTIONS TO DISMISS |
| v. ) | |
| ) | |
| STREAMLINE FUNDING, INC.; ) | |
| WASHINGTON MUTUAL BANK, FA; ) | |
| JPMORGAN CHASE BANK, N.A., FEDERAL ) | |
| DEPOSIT INSURANCE COMPANY; ) | |
| CALIFORNIA RECONVEYANCE COMPANY; ) | |
| and DOES 1 through 100, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

I.   **INTRODUCTION**

     Plaintiffs Luis and Rosario Herrera ("Plaintiffs") commenced this action in California Superior Court for the County of San Mateo, bringing seventeen claims against Defendants Streamline Funding, Inc. ("Streamline"); Washington Mutual Bank, FA ("WaMu"); JPMorgan Chase Bank, N.A. ("Chase"); the Federal Deposit Insurance Corporation ("FDIC")[1]; California Reconveyance Company ("CFC"); and one hundred fictitious Doe Defendants (collectively, "Defendants"). ECF No. 1 ("Notice of Removal") Ex. B ("Compl."). The FDIC removed the action to federal court under 12 U.S.C. § 1819(b)(2)(B), which

_____

[1] Plaintiffs erroneously identified the FDIC as "Federal Deposit Insurance Company" in their Complaint. See Compl.

permits the FDIC to remove any state court action within ninety
days of the FDIC being named as a party.  See Notice of Removal.

Now before the Court are two fully briefed motions.  FDIC
moves to dismiss Plaintiffs' Complaint.  ECF Nos. 3 ("FDIC MTD"),
10 ("MTD Opp'n"), 16 ("MTD Reply").  The FDIC separately moves to
strike portions of Plaintiffs' Complaint.  ECF Nos. 4 ("MTS"), 15
("MTS Opp'n"), 18 ("MTS Reply").  In addition, Chase and CFC move
jointly to dismiss Plaintiffs' Complaint.  ECF No. 11 ("Chase
MTD").  Plaintiffs did not respond to this Motion.  For the
following reasons, the Court GRANTS the FDIC's MTD and Chase's and
CFC's unopposed MTD.

**II.   BACKGROUND**

As it must on a Federal Rule of Civil Procedure 12(b)(6)
motion, the Court assumes the truth of the well-pleaded facts in
Plaintiffs' Complaint.  Plaintiffs are a married couple residing in
San Bruno, California.  Compl. ¶ 2.  Around August 2007, Plaintiffs
entered into an adjustable rate mortgage refinance loan agreement
("ARM") with Washington Mutual Bank ("WaMu").  Id.  Defendant
Streamline Funding ("Streamline") served as the broker in this
transaction.  Id. ¶ 3.  Plaintiffs allege wrongdoing on the part of
Streamline and WaMu in this loan origination.  Specifically,
Plaintiffs allege that Streamline failed to provide complete
disclosure of the terms of the loan closing prior to actual
signing.  Id. ¶ 26.  Plaintiffs also allege that WaMu paid
Streamline more than $28,000 in a "yield spread premium," which
"increased the interest rate of the loan over and above that which
the Plaintiffs would have qualified for."  Id. ¶ 27.  Plaintiffs

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  allege that "Defendants were complicit in a scheme" to issue an
2  "illegal" loan to Plaintiffs that Plaintiffs should never have
3  qualified for, given their income.  <u>Id.</u>

4      On September 25, 2008, the Office of Thrift Supervision
5  ("OTS") closed WaMu and appointed the FDIC as its receiver.  <u>Id.</u> ¶
6  4.  Plaintiffs allege that Chase is the servicer of the ARM, and
7  CRC is the trustee for the ARM.  <u>Id.</u> ¶¶ 6, 7.  The Complaint makes
8  no other references to Chase and CRC individually; rather, it makes
9  a number of allegations against "all Defendants."

10     Plaintiffs bring seventeen causes of action in their
11 Complaint.  Against Streamline, they bring a claim for breach of
12 fiduciary duty.  Against all Defendants, they allege breach of
13 California's implied covenant of good faith and fair dealing;
14 deceit; violation of California's Unfair Competition Law ("UCL");
15 promissory estoppel; intentional misrepresentation; fraud by
16 concealment; restitution for unjust enrichment; quiet title;
17 violation of the California Rosenthal Act; civil conspiracy;
18 declaratory relief; rescission; accounting; violation of sections
19 2934(d) and 2934(e) of California's Code of Civil Procedure; unjust
20 enrichment; and preliminary and permanent injunctive relief.  <u>Id.</u>

21     In its MTD, the FDIC argues that this Court lacks subject
22 matter jurisdiction to hear the claims brought against the FDIC
23 because Plaintiffs have failed to exhaust the administrative
24 remedies available.  <u>See</u> FDIC MTD.  In their MTD, Chase and CRC
25 make numerous challenges to the legal sufficiency of the sixteen
26 claims brought against them by Plaintiffs.  <u>See</u> Chase MTD.
27 ///
28 ///

3

**United States District Court**
For the Northern District of California

1  III. <u>LEGAL STANDARD</u>

2      A.   <u>Rule 12(b)(1)</u>

3      When a defendant submits a motion to dismiss under Federal

4  Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of

5  establishing the propriety of the court's jurisdiction. <u>See</u>

6  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377

7  (1994).  As a court of limited jurisdiction, "[a] federal court is

8  presumed to lack jurisdiction in a particular case unless the

9  contrary affirmatively appears." <u>Stock West, Inc. v. Confederated</u>

10 <u>Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1)

11 jurisdictional attack may be facial or factual.  <u>White v. Lee</u>, 227

12 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  In a facial

13 attack, the defendant challenges the basis of jurisdiction as

14 alleged in the complaint. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d

15 1035, 1039 (9th Cir. 2004).  In such a case, the court assumes the

16 truth of the factual allegations, and draws all reasonable

17 inferences in the plaintiff's favor.  <u>Wolfe v. Strankman</u>, 392 F.3d

18 358, 362 (9th Cir. 2004).

19     B.   <u>Rule 12(b)(6)</u>

20     A motion to dismiss under Federal Rule of Civil Procedure

21 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v.</u>

22 <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based

23 on the lack of a cognizable legal theory or the absence of

24 sufficient facts alleged under a cognizable legal theory.

25 <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

26 1990).  "When there are well-pleaded factual allegations, a court

27 should assume their veracity and then determine whether they

28 plausibly give rise to an entitlement to relief." <u>Ashcroft v.</u>

4

**United States District Court**
For the Northern District of California

1    <u>Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a

2    court must accept as true all of the allegations contained in a

3    complaint is inapplicable to legal conclusions.  Threadbare

4    recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice."  <u>Iqbal</u>, 129 S. Ct. at 1950

6    (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The

7    allegations made in a complaint must be both "sufficiently detailed

8    to give fair notice to the opposing part of the nature of the claim

9    so that the party may effectively defend against it" and

10   sufficiently plausible such that "it is not unfair to require the

11   opposing party to be subjected to the expense of discovery."  <u>Starr</u>

12   <u>v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

13

14   **IV.   <u>DISCUSSION</u>**

15        **A.    <u>The FDIC's MTD</u>**

16        The FDIC moves to dismiss the Plaintiffs' action under Rule

17   12(b)(1), arguing inter alia that because Plaintiffs do not claim

18   to have exhausted FDIC administrative remedies, this Court lacks

19   jurisdiction.  FDIC MTD at 6-8.

20        Under the Financial Institutions Reform, Recovery, and

21   Enforcement Act ("FIRREA"), the FDIC, in its role as receiver for

22   failed institutions, may implement a mandatory administrative

23   claims review process.  12 U.S.C. §§ 1821(d)(3).  The Ninth Circuit

24   has held that FIRREA applies to claims made by both creditors and

25   debtors.  <u>McCarthy v. Fed. Deposit Ins. Corp.</u>, 348 F.3d 1075, 1077

26   (9th Cir. 2003).  FIRREA also limits the jurisdiction of courts

27   over claims asserted outside the context of the administrative

28   process.  12 U.S.C. § 1821(d)(13)(D).  Specifically, it provides:

1          [N]o court shall have jurisdiction over

2          (i) any claim or action for payment from, or
3    any action seeking a determination of rights
     with respect to, the assets of any depository
     institution for which [the FDIC] has been
4    appointed receiver, including assets which [the
     FDIC] may have acquired from itself as
5    receiver; or

6          (ii) any claim relating to any act or omission
     of such institution or [the FDIC] as receiver.

7

8    Id.

9        The FDIC argues that because Plaintiffs have not even alleged

10   that they have complied with FIRREA by filing an administrative

11   claim with the FDIC, they have failed to allege facts supporting

12   this Court's jurisdiction.  FDIC MTD at 8.

13       Plaintiffs respond that because they challenge "the direct

14   actions of WAMU in purportedly attempting to foreclose on their

15   mortgage, and not the actions of FDIC as receiver," FIRREA does not

16   apply.  Opp'n at 6.  Plaintiffs also argue that FIRREA does not bar

17   claims for injunctive relief brought against the FDIC.  Id.

18       The Court agrees with the FDIC, and finds no support in the

19   law for Plaintiffs' arguments.  Plaintiffs' only basis for naming

20   the FDIC as a Defendant is the fact that it is the receiver of

21   WaMu, a failed bank that was party to Plaintiffs' loan agreement.

22   As such, Plaintiffs' claims relate "to any act or omission" of an

23   institution subject to FDIC receivership, triggering FIRREA's

24   jurisdictional bar.  There is no support in the law for Plaintiffs'

25   contention FIRREA does not act as a jurisdictional bar to

26   injunctive relief.

27       In so holding, the Court joins several other district courts

28   that have faced this issue.  E.g., Waltner v. Fed. Deposit Ins.

United States District Court
For the Northern District of California

1   <u>Corp.</u>, No 10-662RAJ, 2011 WL 1675287, at *2 (W.D. Wash. May 3,

2   2011) (applying FIRREA's administrative exhaustion requirement to

3   plaintiff's claims arising from foreclosure on their property);

4   <u>Benson v. JPMorgan Chase Bank, N.A.</u>, No. C-09-5272, 2011 WL

5   4010116, at *3 (N.D. Cal. Oct. 13, 2010) (same); <u>Citrus El Dorado</u>

6   <u>LLC v. Stearns Bank</u>, No. 09-1462, 2011 WL 86960, at *1-2 (C.D. Cal.

7   Jan. 5, 2011) (same).

8        For these reasons, the Court DISMISSES Plaintiffs' claims

9   against Defendant FDIC.  It dismisses the action WITHOUT PREJUDICE

10  because it is possible, albeit unlikely, that Plaintiffs actually

11  exhausted the FDIC's administrative remedies and merely failed to

12  so plead.  Plaintiffs therefore are granted thirty (30) days to

13  file an amended complaint in which they make such a pleading.

14  Alternatively, Plaintiffs may seek to stay this action until

15  administrative remedies have been exhausted.  If Plaintiffs do not

16  amend their complaint or seek a stay within the next thirty days,

17  the Court will dismiss all claims against FDIC WITH PREJUDICE.

18       **B.   <u>Chase and CRC's MTD</u>**

19       In their MTD, Chase and CRC make a number of arguments in

20  favor of dismissal of all sixteen claims brought against them.

21  Among other assertions, they argue that they cannot be held liable

22  for claims arising out of the loan origination in 2007; that Chase

23  and CRC cannot be liable for WaMu's actions "because the FDIC bears

24  any liability for such claims"; that the origination claims are

25  barred by the statute of limitations; that Plaintiffs' wrongful

26  foreclosure arguments are flawed; and that Plaintiffs' claims for

27  injunctive relief, quiet title, and unjust enrichment "are

28  remedies, not causes of action."  Chase MTD at 4-8.

United States District Court
For the Northern District of California

1      Plaintiffs did not file an opposition to Chase and CRC's MTD.

2  As such, the Court GRANTS Chase and CRC's unopposed MTD and

3  dismisses all sixteen claims against Chase and CRC WITH PREJUDICE.

4      The Court's dismissal of all claims against FDIC, CRC, and

5  Chase leaves Streamline as the sole Defendant.  Because the only

6  basis for removal of this action was 12 U.S.C. § 1819(b)(2)(B) -- a

7  removal statute that can only be exercised by the FDIC -- there is

8  no basis for this Court's subject matter jurisdiction over

9  Plaintiffs' remaining claims against Streamline.  Furthermore, it

10  does not appear that Streamline was served with the Notice of

11  Removal or participated in this action.  Accordingly, if Plaintiffs

12  fail to amend their Complaint to plead exhaustion of the FDIC

13  administrative remedies within the timeline provided above, the

14  Court will REMAND the action to state court for the adjudication of

15  the remaining claims against Streamline.

16

17  **V.    CONCLUSION**

18      For the foregoing reasons, the Court GRANTS the Motion to

19  Dismiss filed by Defendant Federal Deposit Insurance Corporation

20  and the Motion to Dismiss filed by JPMorgan Chase Bank, N.A. and

21  the California Reconveyance Company.  Plaintiffs Luis and Rosario

22  Herrera's claims against Defendants Chase and CRC are DISMISSED

23  WITH PREJUDICE.  Plaintiffs' claims against the FDIC are DISMISSED

24  WITHOUT PREJUDICE.

25  ///

26  ///

27  ///

28  ///

8

**United States District Court**
For the Northern District of California

1    If Plaintiffs fail to file within thirty (30) days of this

2  Order either an amended complaint in which they plead exhaustion of

3  FDIC's administrative remedies or a motion to stay this action

4  pending exhaustion of said administrative remedies, the Court will

5  dismiss claims against FDIC WITH PREJUDICE and REMAND the remaining

6  causes of action brought against Defendant Streamline Funding, Inc.

7  to California Superior Court for the County of San Mateo.

8

9    IT IS SO ORDERED.

10

11    Dated: May 26, 2011



12                    UNITED STATES DISTRICT JUDGE